United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TATYANA KAMINSKIY,                       No. C-14-0418 MMC

12            Plaintiff,                       **ORDER GRANTING DEFENDANTS'**
                                               **MOTION TO DISMISS AND STRIKE**
13      v.                                     **JURY DEMAND; GRANTING IN PART**
                                               **PLAINTIFF'S MOTION TO AMEND**
14   KIMBERLITE CORPORATION, et al.,           **COMPLAINT**

15            Defendants.
     _____/

16

17      Before the Court are two motions:  (1) defendants Kimberlite Corporation

18   ("Kimberlite") and Kimberlite Corporation Employee Stock Ownership Plan's ("the ESOP")

19   "Motion to Dismiss (12(b)(6)) First Amended Complaint and Motion to Strike Jury Demand

20   (39(a)(2))," filed March 12, 2014;[1] and (2) plaintiff Tatyana Kaminskiy's "Motion to Amend

21   Complaint," filed April 10, 2014.  Both motions have been fully briefed.[2]  Having read and

22   considered the papers filed in support of and in opposition to the motions, the Court rules

23

24      [1]Although the motion is also brought on behalf of named defendant Thomas
     Patterson, the parties, after the motion was filed, stipulated to dismissal of plaintiff's claims
25   against said defendant pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil
     Procedure.  (See Doc. No. 25.)
26

27      [2]Plaintiff failed to provide the Court with a chambers copy of her reply to defendants'
     opposition to the motion to amend.  Nonetheless, the Court has considered it.  For future
28   reference, plaintiff is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's
     Standing Orders, parties are required to provide for use in chambers one paper copy of
     each document that is filed electronically.

as follows.[3]

## BACKGROUND

The following facts, taken either from the First Amended Complaint ("FAC") or the terms of the Summary Plan Description of Kimberlite's Employee Stock Ownership Plan ("SPD"),[4] are assumed true at the pleading stage.

Plaintiff was employed by Kimberlite from December 26, 2001 to June 6, 2008.  (See FAC ¶¶ 10, 12.)  While employed by Kimberlite, she entered into an "ESOP contract," the terms of which allowed her to purchase shares of Kimberlite.  (See FAC ¶ 11.)  During her employment, she purchased approximately 2600 shares, which shares, as of December 31, 2012, had a value of approximately $158,606.88.  (See id.)

The SPD provides that if a plan participant "separate[s] from service with [Kimberlite] for reasons other than death, Disability, or prior to attaining Normal Retirement Age," then "distribution of [the participant's] Accounts will commence as soon as administratively feasible during the sixth (6th) Plan Year following the Plan Year in which [the participant] separated from service."  (See Rao-Russell Decl. Ex. A at 14.)  Such distribution of benefits, however, is subject to the following exception:  "[T]he Plan shall not be required to distribute any Employer Securities acquired with the proceeds of a Securities Acquisition Loan until the close of the Plan Year in which such Securities Acquisition Loan has been repaid in full."  (See id.)[5]

On May 22, 2013, plaintiff requested from defendants five documents, or types of documents, such as "any and all documents relating to any loan(s) to the ESOP," which

---

[3]By order filed May 21, 2014, the Court took the matter under submission.

[4]Defendants' request, unopposed by Kaminskiy, that the Court take judicial notice of the terms of the ESOP is hereby GRANTED.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding document whose content is alleged in complaint and whose authenticity no party questions, but not physically attached to complaint, may be considered when ruling on motion to dismiss).

[5]Although the SPD does not appear to define "Employer Securities" or "Securities Acquisition Loan," plaintiff alleges "[a]t the time of the formation of the ESOP, [defendants] obtained a loan to [acquire] shares of Kimberlite stock for the ESOP."  (See FAC ¶ 9.)

1   documents defendants thereafter did not provide.  (See FAC ¶¶ 13, 28.)  On July 13, 2013,

2   plaintiff again requested the documents (see FAC ¶ 14) and, on August 27, 2013, made a

3   third such request (see FAC ¶ 15).  Thereafter, defendants provided plaintiff with "2011

4   financial reports that address the balance of the loan," but refused to provide her with the

5   other documents she had requested.  (See FAC ¶¶ 16, 28.)

6        On August 29, 2013, plaintiff "made a claim for benefits" (see FAC, second ¶ 19),[6]

7   and her claim was "thereafter denied by defendants" (see id.).  "Defendants claim that the

8   ESOP has not repaid the originating loan and therefore they are not required to make a

9   distribution to ESOP participants."[7]  (See FAC, first ¶ 18.)[8]

10                              **LEGAL STANDARD**

11        Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based

12   on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

13   cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

14   1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim

15   showing that the pleader is entitled to relief.'"  See Bell Atlantic Corp. v. Twombly, 550 U.S.

16   544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by

17   a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.

18   Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief

19   requires more than labels and conclusions, and a formulaic recitation of the elements of a

20   cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

21        In analyzing a motion to dismiss, a district court must accept as true all material

22   allegations in the complaint, and construe them in the light most favorable to the

23   nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To

24   survive a motion to dismiss, a complaint must contain sufficient factual material, accepted

25

26        [6]The FAC has two paragraphs numbered 19.  (See FAC at 4:26-27 and 5:8-15.)

27        [7]Although the FAC does not indicate when defendants made such "claim," it would
     appear plaintiff is alleging the "claim" was the basis for the denial.

28        [8]The FAC has two paragraphs numbered 18.  (See FAC at 4:18-22 and 5:1-7.)

1    as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S.

2    662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "Factual allegations must be enough

3    to raise a right to relief above the speculative level[.]"  <u>Twombly</u>, 550 U.S. at 555.  Courts

4    "are not bound to accept as true a legal conclusion couched as a factual allegation."  <u>See</u>

5    <u>Iqbal</u>, 556 U.S. at 678 (internal quotation and citation omitted).

6                                         **DISCUSSION**

7            The FAC consists of three causes of action.  In the First Cause of Action, brought

8    pursuant to 29 U.S.C. § 1132(a)(1)(B), plaintiff seeks to recover benefits allegedly due her

9    under the ESOP.  In the Second Cause of Action, titled "ERISA Breach of Fiduciary,"

10   plaintiff seeks both recovery of benefits and equitable relief, based on her allegation that

11   defendants denied her claim for benefits and did not provide her with documents she

12   requested.  In the Third Cause of Action, brought pursuant to 29 U.S.C. § 1132(c), plaintiff

13   seeks imposition of a monetary penalty against defendants for their alleged failure to

14   provide plaintiff with the requested documents, as well as order directing defendants to

15   produce the documents.

16   **A.  Motion to Dismiss/Strike Jury Demand**

17           **1.  First Cause of Action**

18           In the First Cause of Action, brought under 29 U.S.C. § 1132(a)(1)(B), plaintiff

19   alleges she is entitled to benefits under the ESOP.  Defendants argue the First Cause of

20   Action is subject to dismissal because plaintiff fails to allege she exhausted the

21   administrative remedies available under the ESOP.

22           Although "the text of ERISA nowhere mentions the exhaustion doctrine," both "the

23   legislative history and the text of ERISA" make clear that Congress "intend[ed] to grant . . .

24   authority to the courts" to "apply that doctrine in suits arising under ERISA."  <u>See</u> <u>Amato v.</u>

25   <u>Bernard</u>, 618 F.2d 559, 566-67, 569 (9th Cir. 1980) (affirming dismissal of ERISA claim for

26   benefits, where plaintiff had not exhausted administrative remedies available under plan;

27   finding "sound policy requires the application of the exhaustion doctrine in suits under the

28   Act"); <u>see</u> <u>also</u> <u>Amaro v. Continental Can Co.</u>, 724 F.2d 747, 751 (9th Cir. 1984) (noting

                                              4

1    enforcement of exhaustion requirement appropriate where ERISA claim "arise[s] from a
2    breach of contract").[9]

3         Here, plaintiff alleges she submitted a claim for benefits on August 29, 2013, and
4    that her claim was thereafter denied.  (See FAC ¶ 19.)  Such allegation is insufficient to
5    allege exhaustion of the administrative remedies available under the ESOP.  In particular,
6    the ESOP provides that when "any claim not related to Disability Plan Benefits" is denied,
7    the "claimant must file a written request for a review . . . with the Plan Fiduciary within 60
8    days after the receipt by the claimant of a Notice of Denial" (see Rao-Russell Decl., filed
9    March 12, 2014, Ex. A at 29), which request must be answered by the Plan Fiduciary within
10   a specified period of time (see id.).  Plaintiff does not allege she filed the requisite written
11   request for review, much less that defendants have denied any such request.[10]

12        Accordingly, the First Cause of Action will be dismissed, with leave to amend to
13   allege, if plaintiff can do so, that, following the denial of her claim for benefits, she
14   submitted a written request for review and that any such request subsequently was denied.

15        **2.  Second Cause of Action**

16        In the Second Cause of Action, brought under 29 U.S.C. § 1132(a)(3), plaintiff
17   alleges defendants have breached fiduciary duties assertedly owed to her, in particular, the
18   payment of benefits and production of documents.

19        To the extent the Second Cause of Action is based on a claim that defendants'

20

21        [9]In her opposition, plaintiff, relying on Amaro, argues that claims for benefits need
22   not be exhausted.  As noted above, however, Amaro states exhaustion is required where,
     as here, an ERISA claim arises from a breach of the terms of a plan.  Although Amaro did
23   hold that exhaustion was not required in the case before it, it did so because that claim did
     not arise under the terms of a plan, but, rather, was one created by statute.  See id. at 748,
24   750-51 (finding exhaustion not required where plaintiffs alleged they were terminated from
     employment to prevent them from obtaining years of service needed to qualify for plan).

25        [10]In her opposition, plaintiff relies on her allegation that on May 22, 2013, she
26   requested specified documents, and that, when she did not receive them, she sent another
     request on August 27, 2013 that "further set[ ] forth the basis for the requested documents"
27   (see FAC ¶¶ 13, 15); plaintiff appears to argue such allegations are relevant to the issue of
     exhaustion.  Plaintiff does not assert the May 22, 2013 and August 27, 2013 requests
28   included a claim for benefits, however, and, consequently, her reliance on those requests is
     unavailing.

5

denial of plaintiff's request for benefits constituted a breach of fiduciary duty (see FAC

¶¶ 22, 23), the Second Cause of Action is subject to dismissal, for the reasons discussed

above with respect to the First Cause of Action.  In this instance, however, leave to amend

will not be afforded, as a plaintiff may not base a breach of fiduciary duty claim on an

allegation that a plan erroneously denied a claim for benefits, and may only bring such a

claim under § 1132(a)(1)(B).  See Wise v. Verizon Communications, Inc., 600 F.3d 1180,

1190 (9th Cir. 2010) (affirming dismissal of breach of fiduciary duty claim based on failure

to pay benefits as "duplicative" of claim for benefits under § 1132(a)(1)(A)).

The Second Cause of Action is also based on defendant's alleged failure to comply

with § 1024(b)(4), which, as discussed in greater detail below in connection with plaintiff's

Third Cause of Action, requires a plan administrator to provide, upon request by a plan

participant, specified types of documents.  (See FAC ¶¶ 22, 23.)  To the extent the Second

Cause of Action is based on such additional ground, the Second Cause of Action will be

dismissed for the reasons discussed below with respect to the Third Cause of Action, and

leave to amend will not be afforded, given such claim is duplicative of plaintiff's Third Cause

Action, which seeks relief under § 1132(c).  See Wise, 600 F.3d at 1190 (holding plaintiff

may not seek relief under § 1132(a)(3) where relief for alleged violation of ERISA is

provided in another subsection of § 1132).

In her opposition, plaintiff asserts that defendants have a fiduciary duty to provide

her with the requested documents even if the documents are not required to be disclosed

under § 1024(b), which assertion the Court construes as a request to amend to allege facts

to support such a theory.  See Acosta v. Pacific Enterprises, 950 F.2d 611, 618 (9th Cir.

1991) (holding ERISA fiduciary has duty to provide documents not specified in § 1024(b)

where "disclosure requested by [plan participant] is sufficiently related to the provision of

benefits or the defrayment of expenses, and only insofar as they do not contradict or

supplant the existing reporting and disclosure provisions [in ERISA]").  As it does not

necessarily appear that an amendment to allege a claim for breach of fiduciary duty based

on said theory would be futile, the Court will afford plaintiff leave to amend the Second

6

1  Cause of Action for such limited purpose.

2      **3.  Third Cause of Action**

3      In the Third Cause of Action, brought under 29 U.S.C. 1132(c), plaintiff alleges

4  defendants were required, pursuant to § 1024(b)(4), to provide her with the documents she

5  sought.

6      Pursuant to 29 U.S.C. § 1024(b)(4), "[t]he administrator shall, upon written request

7  of any participant or beneficiary, furnish a copy of the latest updated summary plan

8  description, and the latest annual report, any terminal report, the bargaining agreement,

9  trust agreement, contract, or other instruments under which the plan is established or

10 operated." See 29 U.S.C. § 1024(b)(4).

11     At the outset, the Court agrees with defendants that the only proper defendant to a

12 claim alleging a violation of § 1024(b)(4) is the plan administrator, see Moran v. Aetna Life

13 Ins. Co., 872 F.2d 296, 299-300 (9th Cir. 1989), which, in this instance, is Kimberlite (see

14 Rao-Russell Decl. Ex. A at 3).  Accordingly, the Third Cause of Action is subject to

15 dismissal without leave to amend to the extent it is alleged against the ESOP directly.

16     Defendants next argue that the documents identified in the FAC are not documents

17 identified in § 1024(b).  As defendants point out, § 1024(b)(4) "requires the disclosure of

18 only the documents described with particularity [therein] and 'other instruments' similar in

19 nature."  See Hughes Salaried Retirees Action Committee v. Administrator, 72 F.3d 686,

20 691 (9th Cir. 1995).

21     The FAC identifies five documents, or types of documents, that were requested and

22 allegedly not provided, as follows:  "(a) [a]ll financial information, including, without

23 limitation, documents evidencing the balance of the loan with which the ESOP was

24 established[;] (b) [a]ny and all promissory notes executed by or in favor of the ESOP[;]

25 [(c)] [a]ny and all documents relating to any loan(s) to the ESOP since 2008, including,

26 without limitation, the promissory note(s) and documents evidencing the balance of the

27 loan(s), if any; (d) [f]ull Annual Report of the ESOP for 2010-Present; (e) [p]laintiff's vested

28 and unvested balances in the ESOP, both in number of shares and dollar value."  (See

7

FAC ¶ 28.)

Of the documents identified by plaintiff, at least as described in the FAC, only one constitutes a document "described with particularity" in § 1024(b)(4) or a document "similar in nature" to the documents described with particularity.  See Hughes, 72 F.3d at 690-91 (rejecting argument that § 1024(b)(4) encompasses "all documents that are critical to the operation of the plan"; noting such test "admits of no limiting principle").

First, with respect to the above-referenced categories (a), (b), and (c), the FAC contains insufficient facts to support a finding that any of those documents is "similar in nature" to the documents described with particularity in § 1024(b)(4), i.e., a document under which the ESOP was established or operates.  See id.  Further, with respect to category (e), the documents pertain only to plaintiff individually, and, consequently, are not "similar in nature" to any document described with particularity in § 1024(b)(4).  See id.

Finally, with respect to category (d), the request, to the extent plaintiff seeks the ESOP's "latest annual report," does fall within the scope of § 1024(b)(4).  Nevertheless, in her August 27, 2013 request, plaintiff acknowledged she received from the ESOP its most recent annual report.  (See Nikkel Decl. in Support of Def.'s Opp. to Pl.'s Mot. to Amend Compl., filed April 24, 2014, Ex. 3 (June 21, 2013 letter from ESOP to plaintiff, responding to May 22, 2013 request for documents and enclosing "Summary Annual Report for 2011 (the most recent annual report available)"), Ex. 4 (August 27, 2013 letter from plaintiff's counsel to ESOP acknowledging plaintiff's receipt of 2011 annual report)); see also FAC ¶ 13 (relying on May 22, 2013 request and ESOP's response thereto); FAC ¶ 15 (relying on August 27, 2013 letter to ESOP).)[11]  Consequently, plaintiff cannot establish Kimberlite, as plan administrator, failed to comply with § 1024(b)(4) to the extent plaintiff sought the ESOP's latest annual report.

Accordingly, the Third Cause of Action is subject to dismissal.

---

[11]As noted, on a motion to dismiss, the Court may take judicial notice of the contents of documents on which the complaint necessarily relies and whose authenticity no party has questioned.  See Branch, 14 F.3d at 454.

1  The Court will afford plaintiff leave to amend the Third Cause of Action, as against

2  Kimberlite only, to allege, if plaintiff can do so, additional facts to establish that the

3  requested documents identified above in categories (a), (b), and (c), or any of them, are

4  documents "similar in nature" to a document described with particularity in § 1024(b)(4).

5  **4. Jury Demand**

6  The FAC includes a demand for a jury trial.  (See FAC at 8:19.)  Defendants seek an

7  order striking the jury demand, arguing plaintiff has no right to a jury on the claims alleged.

8  Plaintiff asserts she is entitled to a jury because, with respect to her claim for breach of

9  fiduciary duty, she seeks "legal remedies and not merely equitable remedies."  (See Pl.'s

10 Opp., filed March 26, 2014, at 4-5.)[12]

11 As the FAC is subject to dismissal, defendant's request to strike the jury demand

12 from the FAC is moot.  As discussed above, however, the Court will afford plaintiff leave to

13 amend her claim for breach of fiduciary duty, and, consequently, the Court considers herein

14 whether plaintiff, in amending such claim, would be entitled to demand a jury.

15 The sole remedies available to an individual plan participant seeking relief for a

16 breach of fiduciary duty are an order "enjoin[ing] any act or practice which violates any

17 provision of [ERISA] or the terms of the plan" or "other appropriate equitable relief [ ] to

18 redress such violations or [ ] to enforce any provisions of [ERISA] or the terms of the plan."

19 See 29 U.S.C. § 1132(a)(3); McLeod v. Oregon Lithoprint Inc., 102 F.3d 376, 377-79 (9th

20 Cir. 1996) (holding plan participant alleging defendants breached fiduciary duties owed to

21 him/her is limited to remedies set forth in § 1132(a)(3)).  Given that such remedies are

22 equitable in nature, a plaintiff alleging an individual claim for breach of fiduciary duty is not

23 entitled to a jury trial.  See Spinelli v. Gaughan, 12 F.3d 853, 857-58 (9th Cir. 1993)

24 _____

25 [12]Plaintiff does not argue she is entitled to a jury on her claim for benefits or her claim that Kimberlite violated § 1024(b)(4), and, indeed, a plaintiff alleging either such

26 claim is not entitled to a jury trial.  See Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996 (9th Cir. 2000) (holding party seeking benefits under plan not entitled to jury trial,

27 but, rather, to "specialized form of bench trial" on administrative record); Pane v. RCA Corp., 868 F.2d 631, 6636-37 (3rd Cir. 1989) (holding plaintiff alleging violation of

28 § 1024(b)(4) not entitled to jury trial, as only relief available to remedy such violation is equitable in nature).

1  (holding plaintiff seeking remedies available under § 1132(a)(3) not entitled to jury).

2          Accordingly, should plaintiff file a Second Amended Complaint that includes an

3  amended claim for breach of fiduciary duty, plaintiff may not include a demand for a jury.

4  **B. Motion to Amend**

5          In her motion to amend, plaintiff seeks leave to add three new defendants,

6  specifically, Marselle Nikkel, Joey Rao-Russell, and Brian Petrille.  According to the ESOP,

7  and as plaintiff proposes to allege in a Second Amended Complaint, a copy of which is

8  submitted in connection with her motion, said individuals are "the Plan Fiduciaries" and the

9  "Plan's Trustees."  (See Nikkel Decl. Ex. 2, third page; Downs Decl., filed April 10, 2014,

10  Ex. C ¶ 5.)

11          At the outset, the Court addresses plaintiff's request to file the above-referenced

12  proposed Second Amended Complaint, and will deny such request for the reason that said

13  proposed pleading consists of the First, Second, and Third Causes of Action as they

14  appear in the FAC, which causes of action, as discussed above, will be dismissed.

15          As discussed above, however, the Court will afford plaintiff leave to amend.  Given

16  that a plaintiff seeking benefits is not limiting to suing the plan itself, see Cyr v. Reliance

17  Standard Life Ins. Co., 642 F.3d 1202, 1207 (9th Cir. 2011), the Court will afford plaintiff

18  leave to add the three new defendants to any amended First Cause of Action.  Further,

19  given that an individual fiduciary can be a proper defendant to a claim alleging a breach of

20  fiduciary duty, see, e.g., Barker v. American Mobil Power Corp., 64 F.3d 1397, 1402-05

21  (9th Cir. 1995), the Court will afford plaintiff leave to add the three new defendants to any

22  amended Second Cause of Action, if plaintiff can allege facts to support to a finding that

23  any such named individual breached his or her fiduciary duties to plaintiff, see, e.g., id.

24  Finally, with respect to the Third Cause of Action, the only proper defendant, as discussed

25  above, is the plan administrator, see Moran, 872 F.2d at 299-300, and, consequently,

26  plaintiff may not amend to add any of the three new defendants to the Third Cause of

27  Action.

28  //

10

1    Accordingly, the motion to amend will be granted in part, as set forth above.[13]

2                                      **CONCLUSION**

3    For the reasons stated above,

4    1.  Defendants' motion to dismiss and strike the jury demand is GRANTED, and the

5    First Amended Complaint is DISMISSED.  Plaintiff is afforded leave to file, no later than

6    June 9, 2014, a Second Amended Complaint ("SAC") solely for the purposes identified

7    above.  In so amending, plaintiff may not include a demand for a jury.

8    2.  Plaintiff's motion to amend is hereby GRANTED to the extent that plaintiff, should

9    she file a SAC, may include Marselle Nikkel, Joey Rao-Russell, and Brian Petrille as

10   defendants to the First and Second Causes of Action, as set forth above.

11   **IT IS SO ORDERED.**

12

13   Dated:  May 27, 2014

14                                                         MAXINE M. CHESNEY
                                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25   [13]The existing defendants argue plaintiff has been dilatory, in that her counsel was
26   aware as early as June 26, 2013 that the three individuals were fiduciaries and trustees
     under the terms of ESOP.  (See Nikkel Decl. Ex. 2, first page.)  "Undue delay by itself,
27   however, is insufficient to justify denying a motion to amend," see Bowles v. Reade, 198
     F.3d 752, 758 (9th Cir.1999), and defendants' assertion that they would be prejudiced by
28   any delay attendant to the addition of other defendants is not persuasive, as the case is still
     at the initial pleading stage.